# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **JAMES EVERARD,** *et al.* | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **V.** | § | **NO. 6:24-CV-00342** |
| | § | |
| **CITY OF KILLEEN,** *et al.* | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' REPLY IN SUPPORT OF
## RULE 12(b)(6) MOTION TO DISMISS

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Defendant the City of Killeen and (in their official capacity only) Defendants Debbie Nash-King, Nina Cobb, Ken Wilkerson, Kent Cagle, and Alex Gearhart, and make and file this, their Reply in Support of their Motion Under Rule 12(b)(6) to Dismiss, and in support would show as follows:

## I.    POINTS IN REPLY

As detailed in Defendants' opening motion to dismiss, the case law recognizes meetings such as city council meetings are limited public forums and that the government has a significant interest in the orderly conduct of such meetings. *Rowe v. City of Cocoa, Florida*, 358 F.3d 800, 803 (11th Cir. 2004). Courts have recognized that this interest allows for even content-based restrictions so long as they are viewpoint neutral and are reasonably designed to confine the forum to the limited and legitimate purposes for which it was created. *See Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 280 (3rd Cir. 2004). This includes rules limiting the right to comment by citizens of the city, such as limiting the time each commenting citizen may use to make comments, limiting

comments to agenda items, prohibiting repetitions comments, and ensuring proper decorum at the meeting. *White v. Norwalk*, 900 F.2d 1421, 1425-26 (9th Cir. 1989).

Plaintiffs do not cite any case law dealing with city council meetings in their response. Plaintiffs cite First Amendment case law from other contexts, such as *Madison Joint School Dist. v. Wisconsin Employment Relations Comm'n*, 429 U.S. 167 (1976). But that case dealt with hearings being conducted by a board of education, not a city council. *Id.* at 169-71. Even to the extent that the board hearing in *Madison Joint School District* could be likened to a city council meeting, the Court in *Madison Joint School District* was dealing with a content-based restriction that wholly prevented non-union members from speaking at board meetings on labor negotiations that would impact them. *Id.* at 170-72. Such a categorical and content-based restriction is not at issue in this case. The other case law cited by Plaintiffs deal with general First Amendment principles, not anything specific to this case.

Plaintiffs also cite to Texas state law, including the Texas Open Meetings Act. Plaintiff cites Section 551.042 of that Act, asserting that it allows members of the public to speak at a council meeting on a matter for which no prior public notice has been given. However, as can be seen from the full text of that section[1], far from creating some right for a member of the public to speak at a government meeting on any topic that the member of the public chooses, the section actually creates a right for the government body to provide some commentary in response if a member of the public happens to make an inquiry about a matter not on the agenda, such as during a general public commentary period. The section creates a limited exception to the otherwise

---

[1] (a) If, at a meeting of a governmental body, a member of the public or of the governmental body inquires about a subject for which notice has not been given as required by this subchapter, the notice provisions of this subchapter do not apply to:
      (1) a statement of specific factual information given in response to the inquiry; or
      (2) a recitation of existing policy in response to the inquiry.
 (b) Any deliberation of or decision about the subject of the inquiry shall be limited to a proposal to place the subject on the agenda for a subsequent meeting.

applicable rule that the governmental body cannot address a topic for which proper prior public notice has not been given, with that limited exception allowing the governmental body only to issue a statement of specific factual information in response to an inquiry from a member of the public or issue a recitation of an existing policy that responds to the inquiry. *See Tex. Gov't Code* § 551.041; *see Wheeler v. Law Office of Frank Powell*, No. 01-22-00479-CV, 2023 Tex. App. LEXIS 6687, at *18 (Tex. App.--Houston [1st Dist.] 2023, no pet.) (mem. op.) (discussing purpose of Section 551.042).

> Plaintiff also cites to Section 551.007 of the Act, subjection (e) of which provides:
>
> A governmental body may not prohibit public criticism of the governmental body, including criticism of any act, omission, policy, procedure, program, or service. This subsection does not apply to public criticism that is otherwise prohibited by law.

As set out in Defendants' opening motion, the City of Killeen has done no more than impose view-point neutral rules for its city council meetings. These rules include rules on decorum, which is allowed by the First Amendment[2], but do not seek to limit any criticism of the City or its officials. And most basically, as to both Section 551.007 and 551.042, Plaintiffs have sued under 42 U.S.C. § 1983 alleging violation of the First Amendment. Their claim is not based on violation of state law and a violation of the Texas Open Meetings Act does not constitute a violation of the First Amendment.

In addition to these specific legal points, it should be noted as set out in Defendants' motion, that Plaintiffs have not pled facts to support that any of them experienced a First Amendment violation. No Plaintiff has alleged facts to show that he or she has attempted to speak

---

[2] *Ream v. City of Heath*, No. 14-4338, 2015 U.S. Dist. LEXIS 93153, 2015 WL 4393307, at *3 (N.D. Tex. July 16, 2015) (quoting *Wenthold*, 2012 U.S. Dist. LEXIS 18452, at *24)) (appropriate to preserve "civility and decorum"); *see also Eichenlaub*, 385 F.3d at 281 (prohibiting truculent speech at city council meeting was reasonable and appropriate under First Amendment).

at a Killeen City Council meeting or similar meeting, on a properly noticed topic and in a manner consistent with the City's applicable Standards and Expectations, but was denied the ability to do so based on viewpoint or other improper limitations. Plaintiffs refer to an incident in which Plaintiff Fornino attempted to question Mayor Nash-King's military service and whether she had been deployed to Kuwait, but those factual details are not in the complaint. Nor is it apparent why Nash-King's military record was relevant to any agenda topic. And Plaintiffs assert generally that the Standards and Expectations are improper, but they do not provide any legal authority or analysis as to why they are not the sort of limitations that courts have recognized are proper. *See White*, 900 F.2d at 1425-26.

Plaintiffs assert that despite Defendants' arguments, they can pursue a due process claim. However, as set out in Defendants' opening motion, "[w]here a particular Amendment 'provides an explicit source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims'". *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham*, 490 U.S. at 395)). Plaintiffs seem to argue that because Defendants have shown that Plaintiffs' First Amendment rights have not been violated, Plaintiffs are entitled to pursue a due process claim. But the point is that the fundamental basis of Plaintiffs' case is their claim that they have not been allowed to speak at city council and similar meetings. The right to speak comes from the First Amendment, not the due process clause. *See Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437 (5th Cir. 2001) (because the First Amendment provided adequate protection for expression issues, there was no need to look to due process clause). Plaintiffs also seem to contend that because Defendants have argued that the First Amendment, as opposed to the due process clause, applies to this case, that Defendants have somehow made a concession. Defendants have done no such thing. Defendants have simply agreed that the First Amendment is the gravamen of, and thus governs,

Plaintiffs' claims and that for the reasons set out in Defendants' opening brief and herein, Defendants have not violated the First Amendment and thus Plaintiffs have not stated a claim.

Plaintiffs assert that they may pursue a Declaratory Judgment Act claim, despite Defendants' arguments. But there must be an actual controversy to be resolved through a declaratory judgment and, as set out in Defendants motion and this reply, Plaintiffs have not pled a plausible claim that their rights have been violated and thus have not shown an actual controversy. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (a declaratory judgment action is ripe for adjudication only where an "actual controversy" exists). And Plaintiffs' claim for declaratory judgment is no more than a restatement of their substantive claim that their First Amendment rights have been violated, which is not a proper use of the Federal Declaratory Judgments Act. *Cf. Le Vel Brands, LLC v. DMS Natural Health, LLC*, No. 4:20-CV-398-SDJ, 2021 U.S. Dist. LEXIS 135095, at (E.D. Tex. 2021) ("Courts in the Fifth Circuit regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as part of the plaintiff's affirmative claims.") (collecting cases).

Finally, Plaintiffs have sued the City and the individual Defendants in their official capacity, meaning that practically and as a matter of law this is a suit solely against the City. As a result, to impose liability on Defendants, Plaintiffs must fulfill the requirements of *Monell.* As pointed out in Defendants opening motion, much of Plaintiffs' factual allegations focus on Mayor Nash-King, but under the City's charter the mayor is not a policymaker. Plaintiffs do not provide any factual basis or legal authority to counter this. *See Arevalo v. City of Farmers Branch, Texas*, No. 3:16-CV-1540-D, 2017 U.S. Dist. LEXIS 191030, at *17 (N.D. Tex. 2017) (discussing policymaking authority under a city charter). As for the council members, Plaintiffs have not provided any factual basis or legal authority to suggest that any of them was acting in a policymaking role in any way relevant to this case. *See Mendoza v. Chi. Park Dist*., No. 00 C 2825,

2002 U.S. Dist. LEXIS 18384, at *10 (N.D. Ill. 2002) (collecting authorities, not every action by a policymaker is an act of policymaking). And Plaintiffs do not provide any factual analysis or legal authorities in their response to show why any alleged violations of Plaintiffs' First Amendment rights should be viewed as anything other than isolated incidents, as opposed to being caused by City policy. Even if (and this is certainly not conceded), Plaintiffs rights were violated by being improperly limited in their speech at City Council meetings, those events could be isolated lapses in judgment or mistaken exercises of discretion, and not due to City policy. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978) (a governmental entity "cannot be held liable under § 1983 on a *respondeat superior* theory."). Plaintiffs have not provided factual allegations or legal analysis to show otherwise, and it is their burden to do so.

## II.     CONCLUSION

For the reasons set out herein and in Defendants' opening motion, Defendants Rule 12(b)(6) motion should be granted and Plaintiffs' case and claims should be dismissed.

Respectfully submitted,

*/s/ Roy L. Barrett*
Roy L. Barrett
State Bar No. 01814000
barrett@namanhowell.com
Joe Rivera
State Bar No. 24065981
jirvera@namanhowell.com
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
Waco, Texas  76701
(254) 755-4100
FAX (254) 754-6331

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Defendants' Reply in Support of Rule 12(b)(6) Motion to Dismiss was served by way of the Court's CM/ECF system and by email to the offices of counsel for Plaintiffs, CJ Grisham of The Law Offices of CJ Grisham PLLC, 3809 S. General Bruce Drive, Suite 103-101, Temple, Texas 76502 on this 18th day of September, 2024.

/s/ Roy L. Barrett
Roy L. Barrett