IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JAMES EVERARD, *et al.* | § § § | |
| *Plaintiffs*, | § § | |
| V. | § § | NO. 6:24-CV-00342 |
| CITY OF KILLEEN, *et al.* | § § § | |
| *Defendants.* | § | |

**DEFENDANTS' RESPONSE, IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS, TO PLAINTIFFS' SUR-REPLY**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Defendant the City of Killeen and (in their official capacity only) Defendants Debbie Nash-King, Nina Cobb, Ken Wilkerson, Kent Cagle, and Alex Gearhart, and make and file this, their Response, in Support of their Rule 12(b)(6) to Dismiss, to Plaintiffs' Sur-Reply, and in support would show as follows:

### I.  POINTS IN RESPONSE

Plaintiffs did not obtain leave of court to file a sur-reply, which are heavily disfavored. *Laerdal Med. Corp. v. Tomczak*, No. 1:23-CV-1157-DII, 2024 U.S. Dist. LEXIS 85740, at *15 (W.D. Tex. 2024). Generally, the movant is to have the last word on issues raised by a motion. *See Bank of N.Y. Mellon Trust Co. v. Meachum*, No. 3:18-cv-2630-S-BN, 2020 U.S. Dist. LEXIS 121878, at *11 (N.D. 2020); *see also Brown v. Wiggins*, No. 3:18-cv-487- HTW-LRA, 2019 U.S. Dist. LEXIS 133547, at *3 (S.D. Miss. 2019) (allowing sur-surreply where a sur-reply was filed).

To the extent that this Court will allow and consider Plaintiffs' sur-reply, Defendants make the following points in response. First, Plaintiffs continue to refer to legal matters not raised by

their pleadings. A plaintiff cannot survive a motion to dismiss based on alleged legal violations not alleged in the plaintiff's pleadings. *Cf. Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (dismissal is appropriate where the complaint "lacks an allegation regarding a required element necessary to obtain relief."). Plaintiffs argue that Defendants have violated the Texas Open Meetings Act, but Plaintiffs are not making a claim under the Texas Open Meetings Act in their pleading. Nor have Plaintiffs explained how a Texas Open Meetings Act violation supports or is relevant to the claim that they are making—for violation of the First Amendment.

Plaintiffs' sur-reply also raises factual matters that are not pled in their complaint. In their sur-reply, Plaintiffs refer to transcripts of City Council meetings, they describe alleged events at the September 17, 2024, council meetings, and they provide links to recordings of Council meetings. None of this is relevant to the pending Rule 12(b)(6) motion because a district court's ruling on such a motion is generally limited to review of the pleadings, not matters outside of the pleadings. *See Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). Further, this Court has broad discretion to convert a Rule 12(b)(6) motion into a summary judgment. *See Ware v. Associated Milk Producers, Inc.,* 614 F.2d 413, 415 (5th Cir. 1980) ("The court has complete discretion to determine whether or not to accept any material beyond the pleadings'" (quoting 5 Wright & Miller, Federal Practice and Procedure § 1366)). Defendants ask that the Court not do so here, despite Plaintiffs' submission of matters extraneous to the pleadings, because Defendants seek to have the Court rule on the adequacy of Plaintiffs' pleadings before the case proceeds further, including into discovery. *See Hernandez v. City of Grand Prairie Tex*., No. 3:16-CV-2432-L, 2018 U.S. Dist. LEXIS 65518, at *16 (N.D. Tex. 2018) (noting that the Supreme Court held in *Iqbal* that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" and that because Plaintiff made only conclusory allegations against the City to allow discovery would be contrary to Supreme Court and Fifth Circuit precedent).

To the extent that the Court would consider matters extraneous to the pleadings[1], they actually show the baselessness of Plaintiffs' claims and the truth of the situation at hand—Plaintiffs are a group of disgruntled residents who are not seeking to meaningfully participate in the process of city council meetings, but are instead seeking to create disputes and tension, both to bog the legitimate purposes of council meetings down and to try to create disputes and claims. Plaintiffs cite to a portion of the recording of the City Council meeting for September 17, 2024, involving Plaintiff Camron Cochron. Cochran seeks to address the Council during the public comment period but will not come to the podium designated for public comments. The podium is where the microphone for comments—both to be heard in the Council chambers and to be recorded—is located and where the speaker can be properly video recorded, as are all speakers. The video cited by Plaintiffs shows that instead of going to the podium Cochran wants to remain seated and to yell out from the first row of the gallery, claiming he has a back issue. But when Cochran is ultimately asked to leave the Council meeting after continuing to speak over the Mayor from the gallery despite a chair being placed at the podium for him, he stands up and walks away with no apparent difficulty or limitation. Other videos of council meetings available online show Cochran speaking from the podium without any issue.[2]

The same video cited by Plaintiffs in their sur-reply captures the behavior of Plaintiff Michael Fornino. At the 3:54:40 mark of the recording, the Council begins to accept comments on

---

[1] *See Fed. R. Civ. P.* 10(c) (allowing incorporation of records into pleadings); *see also Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (documents attached to complaint or opposition and central to claim may be considered); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (allowing consideration, in ruling on a motion to dismiss, of "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim"); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (It is "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

[2] E.g., Video of June 25, 2024 Council Meet at 52:00 mark.

a proposed amendment to the City's land use ordinances.[3] At the 3:55:46 mark, Plaintiff Fornino is recognized to speak on that item. After making comments about his claimed knowledge of concrete, Fornino begins to complain about comments that had been made during the City's recognition of Hispanic Heritage Month, an issue that has nothing to do with the land use amendment under discussion. The Mayor uses her gavel to direct Mr. Fornino to stay on topic. *See White*, 900 F.2d at 1425-26 (proper under First Amendment to limit comments to agenda items). In response, Fornino pulls out a set of brass knuckles, bangs them on the podium, and makes the threatening comment that "these work outside too".[4] Despite that, Fornino is allowed to proceed, but insists on complaining about comments made during the prior discussion of Hispanic Heritage Month, calling the Council "f*cking bigots", doing a horns gesture with his hands and saying to the Council "a curse on you all". As he walks away from the podium, Fornino continues his disruption. This all occurred after Fornino had earlier in the day given a double middle finger to the mayor.[5]

      Plaintiffs themselves recognize that a city council meeting is not a wide-open public forum and that certain speech is not protected at such meetings under the First Amendment. Their own sur-reply now confirms that the only sort of speech at issue in this case is unprotected speech. Plaintiffs want to engage in behavior to test the council members, to create tension at the meetings, and invite disputes and legal issues, such as Plaintiff Cochran's insisting for his public comments to either call out from the gallery despite a chair placed at the podium to accommodate him, and despite no apparent physical inability to stand for his four-minute comment period. *Cf. See Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 280 (3rd Cir. 2004) (city may employ protections at

---

[3] https://killeen.granicus.com/player/clip/777?view_id=2&redirect=true at 3:54:40.
[4] *Id.* at 3:58:00.

[5] Resident lashes out at Killeen mayor over military record article | Politics | kdhnews.com

Page **4** of **6**    *Defendants' Response, in Support of Rule 12(b)(6) Motion to Dismiss, to Plaintiff's Sur-Reply*

4863-1928-9065, v. 1

council meeting to allow council to accomplish the legitimate purposes for which it was created). Even Plaintiffs admit in their sur-reply that lewd, profane, obscene, and threatening statements or behavior is not protected by the First Amendment. (Doc. #12, p.3-4) (citing *Williams v. Town of Greenburgh*, 535 F.3d 71, 77 (2d Cir. 2008) (quoting *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-72 (1942)).[6] Yet that appears to be exactly what Plaintiffs want to do at times at council meetings. Plaintiffs want to engage in off topic comments and outright threatening and obscene behavior, such as Plaintiff Fornino giving the middle finger to the mayor and banging brass knuckles on the podium and stating that they work outside too, and "cursing" the council while trying to make comments about Hispanic Heritage Month during the period for comments on a land use ordinance.

## II. CONCLUSION

Plaintiffs' sur-reply is improper, but to the extent that the Court considers it Defendants should have the last word as set out in this response. For the reasons set out herein and in Defendants' other briefing, Defendants' Rule 12(b)(6) motion should be granted and Plaintiffs' case and claims should be dismissed.

Respectfully submitted,

*/s/ Roy L. Barrett*
Roy L. Barrett
State Bar No. 01814000
barrett@namanhowell.com
Joe Rivera
State Bar No. 24065981
jirvera@namanhowell.com
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
Waco, Texas 76701

---

[6] *See also White v. Norwalk,* 900 F.2d 1421, 1425-26 (9th Cir. 1989) (city may ensure civility at council meetings); *Ream v. City of Heath,* No. 14-4338, 2015 U.S. Dist. LEXIS 93153, 2015 WL 4393307, at *3 (N.D. Tex. July 16, 2015) (quoting *Wenthold,* 2012 U.S. Dist. LEXIS 18452, at *24)) (appropriate to preserve "civility and decorum" at council meetings).

(254) 755-4100  
FAX (254) 754-6331

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing Defendants' Response, in Support of Rule 12(b)(6) Motion to Dismiss, to Plaintiffs' Sur-Reply was served by way of the Court's CM/ECF system and by email to the offices of counsel for Plaintiffs, CJ Grisham of The Law Offices of CJ Grisham PLLC, 3809 S. General Bruce Drive, Suite 103-101, Temple, Texas 76502 on this 25th day of September, 2024.

                                        */s/ Roy L. Barrett*  
                                        Roy L. Barrett